## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                            Cr. No.  08-2831 JH

EILEEN CLARK,

               Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Eileen Clark's *First Amended Motion to Dismiss Indictment as Violative of the Five Year Statute of Limitations*, filed October 14, 2010 [Doc. 11].  In addition to receiving briefing on this matter, the Court also held hearings on April 14, 2011 and December 8, 2011, at which it took testimony and argument regarding this motion.  The Court, having considered the motion, briefs, exhibits, testimony, arguments presented at the hearings, and relevant law, and being otherwise fully informed, finds that the motion should be DENIED.

## BACKGROUND

At this stage of the proceedings, the Court understands the facts of this case to be as follows: In early February of 1995, Defendant Eileen Clark was living in New Mexico with her husband and three minor children.  According to the testimony of the Federal Bureau of Investigation's (F.B.I.) lead agent on this case, Ms. Clark's husband informed her at that time that he intended to seek a separation or divorce.  The next day, Ms. Clark disappeared from New Mexico with her three children.  In June of 1995, a Sandoval County Grand Jury returned an indictment against Defendant for one count of custodial interference.  In September of 1995,

upon a request by the Sandoval County Sheriff's Office, the F.B.I. filed a complaint for unlawful flight to avoid prosecution and opened an investigation to assist with locating Ms. Clark to effect an arrest for her failure to appear pursuant to a bench warrant issued on the custodial interference charge.

The Sandoval County case was purportedly dismissed for lack of prosecution in May or June of 1996. In May of 2004, Defendant employed an attorney to address the 1995 charges, and a district court judge in Sandoval County allowed her to waive her appearance. In October of 2004, the state court quashed Defendant's bench warrant. Shortly thereafter, in November of 2004, the United States moved to dismiss its unlawful flight to avoid prosecution charge without prejudice on the ground that the state arrest warrant had been quashed. *See* Ex. B, attached to Doc. 11. In March of 2005, a state District Attorney formally dismissed the 1995 charges against Defendant.[1] In May of 2005, the state moved to re-indict Defendant on custodial interference charges, and, in June of 2005, the state court issued a new bench warrant based on her failure to appear. The Sandoval County District Attorney's Office again requested the F.B.I.'s help in locating Ms. Clark. Therefore, on July 20, 2005, the United States filed a new criminal complaint, again charging Defendant with knowingly fleeing from New Mexico to avoid prosecution for the charge of custodial interference, in violation of 18 U.S.C. § 1073. This charge was based on her May, 2005, state charge rather than her 1995 charge.

In October of 2007, one of Ms. Clark's children reported to a medical clinic and indicated to medical personnel that he believed that he and his siblings were missing children from the United States and were featured on the web site of the National Center for Missing and

---

[1] The parties have been unable to explain how the custodial interference charges were still pending in 2005 if they were dismissed for lack of prosecution in 1996.

Exploited Children.  Medical personnel later informed London's Metropolitan Police of this report, and the Metropolitan Police passed this information along to the F.B.I.'s office in England.  Following further investigation and surveillance, in July of 2008, Defendant was positively identified in the United Kingdom, where she and her children were living under assumed names.  On December 3, 2008, the United States secured an indictment against Ms. Clark on the charge of International Parental Kidnaping, in violation of 18 U.S.C. § 1204(a). Based on a request from the United States, law enforcement officials from the United Kingdom arrested Defendant.  The United States is currently seeking to extradite Ms. Clark from the United Kingdom.  A court in the United Kingdom has ruled Defendant extraditable, and she is in the process of appealing that ruling.  Pending her appeal of that ruling, in which a hearing is set for February of 2012, Ms. Clark remains in the United Kingdom on an ankle monitor.

## DISCUSSION

International Parental Kidnapping is defined as "remov[ing] a child [under the age of 16] from the United States, or attempt[ing] to do so, or retain[ing] a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights."  18 U.S.C. § 1204.[2]  Defendant argues that her indictment must be dismissed because she was indicted more than thirteen years after her alleged criminal act, in violation of 18 U.S.C. § 3282.  Section 3282 is a general statute of limitations provision, stating that no person shall be prosecuted for a non-capital offense unless indicted within five years after the offense is

---

[2] Section 1204(c)(2) provides that the fact that a defendant was fleeing an incidence or pattern of domestic violence shall be an affirmative defense to this charge.  Although Defendant's counsel has indicated the existence of evidence that Ms. Clark suffered abuse prior to leaving with her children, any such evidence does not undermine the sufficiency of the Indictment, as it does not implicate any of the elements of the crime charged, but rather may serve as a defense if the case moves forward.

committed, except as otherwise expressly provided by law.  Defendant contends that section 1204 does not have any express language removing it from the general five year statute of limitations, and that the statute of limitations should have started running on the date of her alleged crime, in 1995.

The Government cites 18 U.S.C. § 3283 as a basis for placing an international parental kidnapping charge outside of the general five year statute of limitations.  18 U.S.C. § 3283 provides that "[n]o statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child, or for ten years after the offense, whichever is longer."  However, prior to its amendment in 2003, this statute only extended the statute of limitations for sexual and physical abuse of a child (not kidapping).  The alleged kidapping occurred in eight years prior to this statute's amendment, and nothing in the Indictment indicates that the version of section 3283 in place at that time would apply because it does not allege any physical or sexual abuse of the children.  If, in fact, the statute of limitations had already run prior to the 2003 amendment, this revised statute would not be sufficient to retroactively revive and extend the previously expired statute of limitations.

In addition, 18 U.S.C. § 3299 governs the statute of limitations for Child Abduction and Sex Offenses.  It states that "[n]otwithstanding any other law, an indictment may be found...at any time without limitation for any offense under section 1201 involving a minor victim, and for any felony under Chapter 109A, 110 (except for section 2257 and 2257A) or 117, or section 1591 [all having to do with sex trafficking]."  Significantly, this section does not mention section 1204, although it would be a logical place to do so.  Moreover, the sole kidnapping statute referenced in this statute (section 1201) explicitly excludes kidnapping of a child by a parent.

4

*See* 18 U.S.C. § 1201 (defining kidnapping as unlawfully seizing or abducting a person "except in the case of a minor by the parent thereof").  Thus, there does not appear to be an explicit statutory basis, at least as of the time the alleged crime was initially committed, to take a charge of International Parental Kidnapping out of the general five year statute of limitations.  The Court will therefore assume, for purposes of this motion, that section 3282's five year statute of limitations applies to this charge.

However, even if the five year statute of limitations applies to this charge, the relevant question is when the statute begins running.  If the crime charged is a continuing offense, the statute of limitations does not begin running until the conduct has run its course.  *See United States v. Dunne*, 324 F.3d 1158, 1164 (10th Cir. 2003).  An offense is considered a continuing crime if either "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie v. United States*, 397 U.S. 112, 115 (1970); *United States v. Reitmeyer*, 356 F.3d 1313, 1322 (10th Cir. 2004).

There is a dearth of case law concerning whether international parental kidnapping is a continuing crime.[3]  Nonetheless, although nothing in the explicit language of section 1204 compels the conclusion that international parental kidnapping is a continuing crime, the nature of the crime is such that Congress must have intended that it be treated as such.  The alleged crime was not a one-time incident, but rather involves a long course of continuing conduct.  As alleged,

---

[3] The sole case provided by the Government that directly addresses this issue, *United States v. Saliba*, no. 08-CR-792, 2010 U.S. Dist. LEXIS 16388 (E.D.N.Y. Feb. 24, 2010), does not settle the issue, because the *Saliba* court did not analyze the question but rather simply assumed that section 1204 constitutes a continuing crime because general kidnapping constitutes a continuing crime.

the crime was not completed when the children were removed in 1995, but rather continued over the course of thirteen years of being held in a foreign country and living under assumed names. Although not dispositive of whether international parental kidnapping is a continuing crime, it is well established that general kidnapping, under 18 U.S.C. § 1201, is considered a continuing crime. *See United States v. Rodriguez-Moreno*, 526 U.S. 275, 281-82 (1999); *United States v. Denny-Shaffer*, 2 F.3d 999, 1018 (1993). While kidnapping of a minor by a parent is carved out of the general kidnapping statute, the factors that make general kidnapping a continuing crime also apply in the case of international parental kidnapping, as that statute envisages removing or retaining a child outside of the United States with the intent to obstruct parental rights. The crime continues as long as the child is retained outside of the United States and the parental rights are concomitantly obstructed. To hold otherwise would be to find that a parent could kidnap a child, hide out with the child in a foreign country for five years and one day, and then present themselves with no fear of prosecution for their crime because the statute of limitations would have run. This cannot be what Congress envisioned in passing section 1204.

Moreover, the facts of this case illustrate why it would make no sense to have a five year statute of limitations that runs from the time of kidnapping rather than from the time of discovery. The Government could not have sought an indictment on this charge until it was aware that Ms. Clark was in the U.K., because, until that time, it was not clear that Ms. Clark had removed her children from the country, thereby making her eligible for the charge.

Even if international parental kidnapping was not considered a continuing crime, it appears that the Indictment is still timely pursuant to another provision. 18 U.S.C. § 3290 provides that "[n]o statute of limitations shall extend to any person fleeing from justice." Under *United States v. Morgan*, 922 F.2d 1495, 1497-99 (10th Cir. 1991), a person fleeing from justice

6

in one jurisdiction (even on state charges) loses the benefit of the statute of limitations for any federal charge in any federal jurisdiction. For years, Ms. Clark was a fugitive on the 1995 state charges of custodial interference. She knew about the charges as evidenced by the fact that, in 2004, she hired an attorney to address them. Even if she could be considered to have had her fugitive status removed when the warrant for her arrest was quashed in 2004, the Indictment was still filed within five years of this date, and was therefore timely.

**IT IS THEREFORE ORDERED** that Defendant's *First Amended Motion to Dismiss Indictment as Violative of the Five Year Statute of Limitations* [Doc. 11] is DENIED .

UNITED STATES DISTRICT JUDGE