IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                            **CR. No.  08-2831 JCH**

**EILEEN CLARK,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on *Defendant Eileen Clark's Motion to Dismiss the Indictment for Improper Venue* [Doc. 72]. The Court has reviewed the motion, response, and reply, as well as the relevant legal authorities, and concludes that the motion should be denied for the reasons stated herein.

## DISCUSSION

Defendant, Eileen Clark, is charged with international parental kidnapping in violation of 18 U.S.C. § 1204, which provides:

> (a) Whoever removes a child from the United States, or attempts to do so, or retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both.

Section 1204 has no venue provision of its own, nor does it expressly incorporate any other venue provision.

The Government has alleged that on February 10, 1995, Clark removed her three minor children from New Mexico without the knowledge or consent of her husband (also the children's father), John Clark. There is some evidence before the Court that Clark and the children may

have traveled first to California, stayed there for a period of days or weeks, and then journeyed to Canada. Eventually, Clark and her children settled in the United Kingdom.

In her motion to dismiss, Clark argues that the Government cannot prove that venue is proper in the District of New Mexico because she did not remove the children to another country directly from New Mexico. Clark points to the language of Section 1204(a) and its use of the verb "removes," arguing that such removal "occurs only upon departure from the country." Doc. 72 at 3. Thus, according to Clark venue is proper in California, the state from which she removed the children to Canada. She also relies upon *United States v. Bishop*, 38 F.R.D. 317 (D. Mont. 1965), in which the court analyzed the proper venue for prosecution of under the general federal kidnapping statute, 18 U.S.C. § 1201, which prohibits "knowingly transport[ing] in interstate or foreign commerce, any person who has been unlawfully seized . . ." In that case, the defendant was accused of kidnapping his victims in Butte, Montana and transporting them to Spokane, Washington. 38 F.R.D. at 318-19. In *Bishop*, however, the court interpreted the indictment as one for a capital crime, and accordingly applied the venue statute for such crimes, 18 U.S.C. § 3235 ("In trial of offenses punishable with death shall be had in the county where the offense was committed . . ."). *Id*. at 319-20. With almost no explanation or analysis, the *Bishop* court concluded that § 3235 dictated that venue was proper in Spokane, Washington.

*Bishop* is unpersuasive and distinguishable. First, this is not a capital case. As such, it is subject to 18 U.S.C. § 3237, which governs offenses begun in one district and completed in another. That statute provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." *See United States v. Clenney*, 434 F.3d 780, 781 (5th Cir. 2005) (applying § 3237 to charge that

parent committed international kidnapping in violation of § 1204). The plain language of the statute directs that venue would be proper in New Mexico, as this is the district in which the Government contends Defendant, her children, and their father were living at the time she removed them from their father's custody or control without his consent. Thus, this is the district in which the alleged crime was begun. The fact that venue may also be proper in California, as a place in which the crime continued, and proper in yet another United States district bordering on Canada (where the crime may have been completed), does not diminish that venue is proper in the District of New Mexico as the place where the crime began. Courts, including the Tenth Circuit, have held that kidnapping is a continuing crime *See, e.g., Clinton v. United States*, 293 F.2d 47, 48 (10th Cir. 1961) (applying § 3237, defendant may be tried in any district from, through, or into which he transported the kidnapped person in interstate commerce); *United States v. Sandoval*, 347 F.3d 627, 634 (7th Cir. 2003) (finding venue to be proper in Central District of Illinois, even though kidnapping began in Iowa and ended in Northern District of Illinois, and merely continued through the Central District of Illinois: "Congress has specifically provided that a continuing offense, like kidnapping, may be prosecuted "in any district in which such offense was begun, continued, or completed.") (citation omitted).

Accordingly, the Court finds that venue is properly laid in the District of New Mexico.

**IT IS THEREFORE ORDERED** that *Defendant Eileen Clark's Motion to Dismiss the Indictment for Improper Venue* [Doc. 72] is **DENIED**.

_____
**UNITED STATES DISTRICT COURT**